UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

MATTHEW BRADLEY,

             Plaintiff,                     COMPLAINT
                                                  07 CV 9539 (SAS)(THK)
      -against-

ESPERANZ ZAMORA and MICHAEL
DEPITRI, employees of the New York
City Police Department,

             Defendants.              **Jury Trial Demanded**

----------------------------------------------------------x

      MATTHEW BRADLEY, by his attorney, Matthew Flamm, alleges the following upon information and belief as his Complaint.

### Nature of the Action

      1.     This civil rights action arises from the June 22, 2005 brutal assault on Matthew Bradley by New York City Police Officers.  Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §2201, and, under 42 U.S.C. §1983, compensatory and punitive damages for violation of his civil rights.

### Jurisdiction and Venue

      2.     This action arises under the United States Constitution and 42 U.S.C. §1983.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and §1343(3).

      3.     Under 28 U.S.C. §1391(b), venue is proper in the Southern District of New York because the events forming the basis of the Complaint occurred in that District.

### Parties

      4.     Plaintiff MATTHEW BRADLEY is a citizen of the United States of America residing in the State of New York.  At the time of the incidents described herein, Mr. Bradley lived at 1410 Metropolitan Avenue in the Bronx.

5.	Defendant MICHAEL DEPITRI (Shield 1366) was at all times relevant a duly appointed and acting Police Sergeant employed by the New York City Police Department and assigned to the 43rd Police Precinct, Bronx, New York. Defendant Depitri, at the time of the events complained of, had direct supervisory responsibility over defendant Zamora.

6.	Defendant ESPERANZ ZAMORA (Shield 27125) was at all times relevant a duly appointed and acting Police Officer employed by the New York City Police Department and assigned to the 43rd Police Precinct, Bronx, New York. Upon information and belief, defendant Zamora is no longer employed by the New York City Police Department.

7.	Defendants DEPITRI and ZAMORA were at all times relevant acting under color of state law.

## Facts Underlying
## Plaintiff's Claims for Relief

8.	On June 22, 2005 at approximately 9:30 p.m. inside of 1410 Metropolitan Avenue in the Parkchester section of the Bronx, the defendants beat Matthew Bradley without lawful cause or justification.

9.	The defendants falsely claim that they saw the handle of a firearm protruding from Mr. Bradley's waistband and pursued plaintiff from the street into his apartment building.

10.	Matthew Bradley had, in fact, been congregating with several men outside near his home when the defendants approached. One of the group, not plaintiff, dropped marijuana to the sidewalk and the other men began walking away. It appeared to Mr. Bradley that the defendants suspected that the marijuana was his. Plaintiff fled.

11.	Once inside the apartment building, the defendants attacked Mr. Bradley. Among other things, one of the two defendants, believed to be defendant Zamora, struck Mr. Bradley in the forehead with a nightstick, opening a

wound on plaintiff's head.  When this defendant went to strike a second time, Mr. Bradley reflexively covered his face with his arms.  The second blow broke Mr. Bradley's left forearm.

      12.    At no time did Mr. Bradley assault or attempt to assault any of the defendants.  Nor did he do anything justifying the beating the defendants inflicted on him.

      13.    The defendants arrested Mr. Bradley on the false charges of assault with intent to cause injury to a police officer (a felony punishable by a sentence of three to seven years in prison), criminal possession of a weapon in the fourth degree (a misdemeanor) and unlawful possession of marijuana.

      14.    The District Attorney's office declined to prosecute Mr. Bradley for any of these offenses.

      15.    The defendants' false allegations, however, caused Mr. Bradley to be charged with and prosecuted for resisting arrest and obstructing governmental administration.  In November 2005, after multiple court appearances, Mr. Bradley was coerced into pleading guilty to disorderly conduct, an offense he did not commit.

      16.    Meanwhile, Mr. Bradley was admitted to Jacobi Hospital on June 23, 2005.  The wound to his forehead was sutured.  Upon information and belief, open reduction internal fixation surgery was performed whereby a metal plate, held in place by screws, was used to set the fractured left forearm.  Plaintiff was released for arraignment on June 25, 2005.

      17.    Neither of the defendants took any action to prevent, end or truthfully report the incident despite the realistic opportunity to do so.  In fact, the defendants, and each of them, acted to coverup the misconduct by, among other things, filing false charges against Mr. Bradley.

18. In addition to physical injuries and pain, Mr. Bailey suffered emotional trauma, shock, fright and deprivation of his constitutional rights, among other injuries.

19. At all times relevant, and in using force on Mr. Bradley, the defendants acted intentionally, willfully, maliciously, and with reckless disregard for and deliberate indifference to plaintiff's rights and physical well-being.

FIRST CLAIM FOR RELIEF
FOR VIOLATING PLAINTIFF'S RIGHT
<u>TO BE FREE FROM UNREASONABLE FORCE UNDER THE FOURTH
AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION</u>

20. Plaintiff repeats the allegations of paragraphs 1-19 above as though fully stated here.

21. By the actions described above, the defendants, and each of them, deprived Matthew Bradley of rights secured by the United States Constitution, including, but not limited to, to Mr. Bradley's right to be secure in his person from unreasonable seizures.

22. As a consequence thereof, Matthew Bradley has been injured.

SECOND CLAIM FOR RELIEF FOR FAILURE TO INTERVENE
<u>TO PREVENT OR END THE VIOLATION OF PLAINTIFF'S CIVIL RIGHTS</u>

23. Plaintiff repeats the allegations of paragraphs 1-19 as though fully stated herein.

24. The defendants, and each of them, failed to intervene to prevent or end the unlawful conduct to which Mr. Bradley was subjected despite having a reasonable opportunity to do so.

25. As a consequence thereof, Matthew Bradley has been injured.

THIRD CLAIM FOR RELIEF FOR
<u>IMPROPER SUPERVISION BY DEFENDANT DEPITRI</u>

26. Plaintiff repeats the allegations of paragraphs 1-19 as though fully stated herein.

27.    Defendant Depitri held the rank of Sergeant and had direct supervisory responsibility for the conduct of defendant Zamora.

28.    Defendant Depitri participated in the incident and failed properly to supervise his subordinate or to otherwise take action to remedy the wrongs done to Mr. Bradley

29.    As a consequence thereof, plaintiff has been injured.

Request for Relief

WHEREFORE, plaintiff respectfully requests that judgment be entered as follows:

(A)    A Declaratory Judgment that plaintiff's right to be free from unreasonable and excessive force under the Fourth and Fourteenth Amendments of the United States Constitution was violated;

(B)    Compensatory damages in an amount to be fixed at trial;

(C)    By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages in an amount to be fixed at trial;

(D)    An award to plaintiff of the costs and disbursements herein;

(E)    An award of attorney's fees under 42 U.S.C. §1988; and

(F)    Such other and further relief as this Court may deem just and proper.

Dated: October 25, 2007
       Brooklyn, New York

_____
Matthew Flamm **MF1309**
 Attorney for Plaintiff
26 Court Street, Suite 600
Brooklyn, New York  11242
 (718) 797-3117