UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

MATTHEW BRADLEY,

                            Plaintiff,

        -against-

ESPERANZ ZAMORA and MICHAEL DEPITRI,
employees of the New York City Police Department,

                            Defendants.

------------------------------------------------------------------------ x

**ANSWER TO COMPLAINT**

07 CV 9539 (SAS)

JURY TRIAL DEMANDED

        Defendants Esperanza (Zamora) Barry and Michael DePietri by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the first amended complaint, respectfully alleges, upon information and belief, as follows:

        1.  Deny the allegations set forth in paragraph "1" of the complaint, except Admit that plaintiff purports to proceed as stated therein.

        2.  Deny the allegations set forth in paragraph "2" of the complaint, except Admit that plaintiff purports to proceed as stated therein.

        3.  Deny the allegations set forth in paragraph "3" of the complaint, except Admit that plaintiff purports to place venue as stated therein.

        4.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff provided 1410 Metropolitan Avenue, Bronx, New York, as his address on June 22, 2005.

5. Deny the allegations set forth in paragraph "5" of the complaint, except admit that Michael DePietri is an employee of the New York City Police Department and was assigned to the 43nd Precinct in the Bronx, New York on June 22, 2005.

6. Deny the allegations set forth in paragraph "6" of the complaint, except admit that Esperanza (Zamora) Barry is an employee of the New York City Police Department and was assigned to the 43nd Precinct in the Bronx, New York on June 22, 2005.

7. The allegations set forth in paragraph "7" of the Complaint are legal conclusions, not averments of fact warranting a response.

8. Deny the allegations set forth in paragraph "8" of the complaint.

9. Deny the allegations set forth in paragraph "9" of the complaint.

10. Deny the allegations set forth in paragraph "10" of the complaint.

11. Deny the allegations set forth in paragraph "11" of the complaint.

12. Deny the allegations set forth in paragraph "12" of the complaint.

13. Deny the allegations set forth in paragraph "13" of the complaint, except admit that plaintiff was arrested for assault with intent to cause physical injury to an officer (PL 120.05), criminal possession of a weapon (PL 265.01), and unlawful possession of marijuana (PL 221.05).

14. Deny the allegations set forth in paragraph "14" of the complaint.

15. Deny the allegations set forth in paragraph "15" of the complaint, except admit that plaintiff was charged with resisting arrest and obstructing governmental administration, and that plaintiff pled guilty to disorderly conduct.

16. Deny the allegations set forth in paragraph "16" of the complaint, except admit that plaintiff was admitted to Jacobi Hospital.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. In response to the allegations set forth in paragraph "20" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "19", inclusive of this answer, as is fully set forth herein.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. In response to the allegations set forth in paragraph "23" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "22", inclusive of this answer, as is fully set forth herein.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. In response to the allegations set forth in paragraph "26" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "25", inclusive of this answer, as is fully set forth herein.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. Deny that the plaintiffs are entitled to any of the relief demanded in paragraphs A-F, immediately following paragraph "29".

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

31. The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

32. Any injury alleged to have been sustained resulted, in whole or in part, from plaintiff's culpable or negligent conduct and was not the proximate result of any act of the defendants.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

33. Plaintiff provoked any incident.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

34. Defendants (Zamora) Barry and DePietri are entitled to qualified immunity.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

35. Plaintiff has not complied with conditions precedent to suit.

**WHEREFORE,** defendants Esperanza (Zamora) Barry and Michael DePietri respectfully request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York

March 10, 2008

                        MICHAEL A. CARDOZO
                        Corporation Counsel of the
                        City of New York
                        Attorney for Defendants Esperanza
                        (Zamora) Barry and Michael DePietri
                        100 Church Street
                        New York, New York 10007
                        (212) 788-0987

                        By:   /S/ Brian G. Maxey
                        BRIAN MAXEY (BM 0451)

To:        Matthew Flamm, Esq.
            Attorney for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MATTHEW BRADLEY,

                                                            Plaintiff,

                        -against-

ESPERANZ ZAMORA and MICHAEL DEPITRI, employees of the New York City Police Department,

                                                            Defendants.

## ANSWER

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
  *Attorney for Defendants*
  *100 Church Street, 3-178*
  *New York, N.Y.  10007*

  *Of Counsel:  Brian G. Maxey*
  *Tel:  (212) 788-0987*
  *NYCLIS No.*

*Due and timely service is hereby admitted.*

*New York, N.Y.  ..................................., 2008 . . .*

*........................................................................Esq.*

*Attorney for..........................................................*